IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS ANTONIO RAYMOND, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00965-FB |
| vs. | § § § | |
| IVEST PROPERTIES, LLC, | § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned recommends the Court deny the motion.

**I.  Analysis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  When faced with a request to proceed IFP,

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1

courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees.  *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).  In doing so, the Court must examine the demand on plaintiff's financial resources, including whether his expenses are discretionary or mandatory.  *Prows*, 842 F.2d at 140.  Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents.  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP indicates that he is employed and receives both a pension, annuity, or life insurance payments and disability or worker's compensation payments.  (IFP Motion [#1] at 1.)  The motion does not, however, include any information regarding the amount of Plaintiff's gross pay or wages, the amount of his other monthly income, or a list of his expenses.  However, Plaintiff has also filed a motion to add supplemental financial information in support of his IFP motion [#3].[2]  The undersigned will grant the motion and consider Plaintiff's "Extended Financial Affidavit" in deciding whether he should be afforded IFP status

---

[2]  Plaintiff has also filed a third motion in this case, titled Motion to Vacate and Motion of Removal of Action by Plaintiff Carlos Antonio Raymond [#4], which appears to be seeking removal of a state court action to this Court through this lawsuit.  Yet Plaintiff does not indicate he is a defendant in any state court action and instead is attempting to sue Defendant Ivest Properties, Inc. for damages.  Accordingly, the proper procedure is for Plaintiff to seek relief through a federal complaint and not the removal of a state court action.  Plaintiff's IFP motion contains his proposed Complaint [#1-1] setting forth the factual allegations underlying this suit.  Plaintiff's Motion to Vacate and Motion of Removal [#4] therefore should be dismissed as moot because it is duplicative of Plaintiff's proposed Complaint.

in this lawsuit.  Plaintiff's additional affidavit is comprised of an extensive and detailed list of his monthly personal expenses, a separate list of his business expenses related to his work in real estate, and a list of the expenses associated with his campaign for political office.  Plaintiff does not list anywhere in his supplemental affidavit his monthly income from his work in real estate or the amounts of his pension or disability payments.  Based on this information, the Court has no means of evaluating whether Plaintiff's monthly expenses exceed his monthly income or otherwise prevent him from paying the filing fee in this case.  Due to this deficiency alone, the Court should deny Plaintiff's motion to proceed IFP.

In certain circumstances, the Court might afford an applicant for IFP status an additional opportunity to supplement his financial information to further evaluate his eligibility for IFP status.  However, in this case, Plaintiff has ample experience in filing lawsuits in this Court and in seeking IFP status.  *See* 5:09-CV-00279-OLG; 5:16-CV-00395-FB; 5:17-CV-00685-DAE; 5:19-CV0596-OLG-HJB.  Plaintiff has previously been instructed regarding the standards required under the IFP statute and has even in some instances complied with them.  In light of this history, Plaintiff should not be afforded an additional opportunity to provide the Court with his wage and income information.

Moreover, the financial information Plaintiff has provided regarding his monthly expenses establishes his ineligibility for IFP status, regardless of his monthly income.  Plaintiff's total personal monthly expenses are listed as $4,024.00.  Plaintiff's monthly business expenses are listed at $923.00, and his monthly political campaign expenses are listed at $900.00, making his total monthly expenses $5,437.00.  Of this amount, Plaintiff lists numerous discretionary expenses, such as Direct TV ($135.00), lawn services ($80.00), and church, charity, and family contributions (totaling $625.00).  "Although the desire to assist charitable causes is laudable,

[Plaintiff] cannot choose to assign these causes a higher priority than paying court costs for his lawsuit." *Prows*, 842 F.2d at 140.

Finally, Plaintiff does indicate in his affidavit that his monthly expenses are "negative" because "due to COVID-19 there has [sic] been no activities." Yet even if Plaintiff has not generated any income through his employment in the real estate field in the past months, his original IFP motion indicates that he receives a monthly pension, annuity, or life insurance payments and disability or worker's compensation payments. Plaintiff has not indicated that these payments have been affected by COVID-19 or if he has received any unemployment income during the pandemic. In short, Plaintiff has not established that he cannot, due to poverty, afford the court costs associated with this lawsuit, and Plaintiff should be required to pay these costs, even if it means foregoing some of his monthly expenses, such as charitable contributions, for one month.

## II.  Conclusion and Recommendation

**IT IS THEREFORE ORDERED** that Plaintiff's motion to file a supplemental financial affidavit [#3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate and Motion of Removal of Action by Plaintiff Carlos Antonio Raymond [#4] is **DISMISSED AS MOOT.**

The undersigned also recommends that Plaintiff's pro se Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **DENIED**. Plaintiff should be directed to either pay the filing fee or face dismissal of his proposed Complaint for failure to prosecute or failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b).

### III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of August, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE