IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS ANTONIO RAYMOND, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00965-FB |
| vs. | § § | |
| IVEST PROPERTIES, LLC, | § § § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATE MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Carlos Antonio Raymond's second Motion to Proceed *In Forma Pauperis* [#16]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#19]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Plaintiff seeks to proceed *in forma pauperis* ("IFP") arguing that he is unable to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned recommends that the Court deny the motion.

**I. Procedural History**

Plaintiff filed his first Motion to Proceed in Forma Pauperis [#1] on August 17, 2020. The motion was referred to the undersigned, and a Report and Recommendation was entered to deny the motion [#8]. In evaluating Plaintiff's original motion, the undersigned noted that Plaintiff was employed and received pension, annuity, or life insurance payments and disability or worker's compensation payments. (*Id.* at 2.) Plaintiff's original motion did not include any

1

information regarding his gross pay or wages, the amount of other monthly income, or a list of his expenses. (*Id.*) The undersigned considered Plaintiff's Extended Financial Affidavit [#3] in support of the original IFP motion, but the affidavit did not list his monthly income from his work in real estate or the amounts of his pension or disability payments. (IFP Motion [#1] at 3.) Based on the information provided by Plaintiff, the undersigned had no means of evaluating whether Plaintiff's monthly expenses outweighed his monthly income or otherwise prevented him from paying the filing fee. (*Id.*) The undersigned also noted that Plaintiff had a substantial amount of discretionary expenses. (*Id.*) Therefore, the undersigned recommended that the Court deny Plaintiff's motion to proceed IFP. The Court accepted this Recommendation and entered an Order denying Plaintiff's IFP motion [#19]. Plaintiff was directed to either pay the filing fee or face dismissal of his proposed Complaint for failure to prosecute or failure to comply with order of this Court. *See* Fed. R. Civ. P. 41(b).

Since the District Court's Order, Plaintiff has not paid the filing fee; instead, he filed a second Motion to Proceed *In Forma Pauperis* [#16]. Although the Court has not yet ordered service of Plaintiff's Complaint, Defendant entered an appearance in this case and has filed a Motion to Dismiss [#12]. Plaintiff has also filed several other motions. However, these motions are not properly before the Court because Plaintiff has not paid the filing fee and IFP status has not been granted. The undersigned takes judicial notice that Plaintiff has filed a new lawsuit, SA-20-CV-1371, and appears to be abandoning this case. In an advisory to the Court filed in SA-20-CV-1371 [#7], Plaintiff states this new, second lawsuit as "a fresh new lawsuit" that "applies to the same Defendant, Ivest Properties LLC," and he also states that the second lawsuit "should be the real one or live pleadings on the docket." Plaintiff **has** paid the $400 filing fee in the new lawsuit.

## II. Analysis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  The district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees.  *Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).  In doing so, the Court must examine the demand on plaintiff's financial resources, including whether his expenses are discretionary or mandatory.  *Prows*, 842 F.2d at 140.  Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents.  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's motion to proceed IFP contains his income, assets owned, and monthly expenses.  Plaintiff is a single, 71-year-old veteran and lives on retirement ($612/month) and disability ($3,476.65/month).  (IFP Motion [#16] at 2.)  His listed assets are his home (which is subject to foreclosure according to Plaintiff's proposed Complaint [#1-1]) and a 2009 Chevrolet Hummer.  (*Id.* at 3.)  His monthly expenses total $4,900.00, including the following discretionary

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

expenses: $400 for custom-made clothing; $600 for gas for his vehicle; and $85 for lawn care, personal grooming, and pet care. (*Id.* at 4–5.) He represents to the undersigned that he has $210 in cash and $4,789.07 in his three checking accounts. (*Id.* at 2.)

The undersigned finds that Plaintiff is able to pay the filing fee and should not be granted IFP status. First, he has a significant monthly income of $4,088.65, totaling $49,063.80 a year, which indicates that he is not indigent. Second, while his monthly expenses exceed his monthly income, he has several discretionary expenses, such as custom-made clothing, as well as an unusually high gas bill, lawn care expenses, personal grooming expenses, and pet care expenses, all of which indicate that Plaintiff is not impoverished. Lastly, Plaintiff paid the $400 filing fee in his new lawsuit, SA-20-CV-1371, showing that he is capable of paying the fee in this case. In short, Plaintiff has not established that he cannot, due to poverty, afford the court costs associated with this lawsuit. Plaintiff should be required to pay these costs, even if it means foregoing some of his monthly expenses, such as custom-made clothing, for one month. Moreover, as previously noted, Plaintiff has expressed his intention to abandon this lawsuit and pursue his newly filed lawsuit.

### III. Conclusion

The undersigned recommends that Plaintiff's *pro se* Motion to Proceed *In Forma Pauperis* [#16] be **DENIED**. If Plaintiff intends to pursue this case separate from his new lawsuit, SA-20-CV-1371, he may pay the filing fee during the 14-day objection period. If Plaintiff fails to pay the filing fee, the District Court should dismiss his case for failure to prosecute or failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b).

### IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52(1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of January, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE