IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS ANTONIO RAYMOND, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00965-FB |
| | § | |
| vs. | § | |
| | § | |
| IVEST PROPERTIES, LLC, | § | |
| ABDELHAKIM RAFATI, IN HIS | § | |
| OFFICIAL CAPACITY AS | § | |
| REGISTERED AGENT; LYDIA | § | |
| O'CONNEL, IN HER OFFICIAL | § | |
| CAPACITY AS BEXAR COUNTY | § | |
| COURT COORDINATOR, COURT 10; | § | |
| AND  OTHER INDIVIDUALS AND | § | |
| COUNTY OFFICIALS, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion to Sanction and/or Admonishment of Counsel [#30] and Plaintiffs' Motion for Entry of (a) Default Judgment and (b) Reasonable Accommodation Pursuant to American with Disability Act [#48].  All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C.  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Plaintiff's motions be **DENIED**.

## I.  Background

This case challenges the legality of an eviction.  Plaintiff Carlos Antonio Raymond, proceeding *pro se*, has sued various Defendants involved in the foreclosure of his property located at 8054 Silver Grove, San Antonio, Texas 78254.  The property was allegedly sold at a

foreclosure sale on January 7, 2020, and Plaintiff was thereafter evicted.  After the foreclosure, there were various state court proceedings in which Plaintiff challenged the legality of judgment to deprive Plaintiff of possession of the property.  By this lawsuit, Plaintiff challenges various actions of Defendants taken in conjunction with the foreclosure and eviction.  Plaintiff accuses Defendant Ivest Properties and its attorney Robert Valdespino of failing to serve and provide notice of critical state court hearings that led to the ultimate determination on the status of his property.  (Am. Compl. [#36] at ¶¶ 20–25.)  Plaintiff contends that these actions were taken with an intent to deprive Plaintiff of the fair and equal opportunity to attend the hearing on the merits of his case.  (*Id.*)

The allegations in this case also reference a federal lawsuit currently pending in this Court.  *See Raymond v. J.P. Morgan Chase Bank*, 5:19-CV-00596-OLG-HJB.  Plaintiff contends that Defendant Ivest Properties and Robert Valdespino have also purposefully concealed various procedural actions in that case and interfered with his ability to prosecute the suit.  (Am. Compl. [#36] at ¶¶ 29–31.)   Plaintiff's Amended Complaint is full of allegations accusing Mr. Valdespino of suspicious and deceptive behavior in connection with the state court litigation and federal lawsuit.  (*Id.* at ¶¶ 29–47.)

Plaintiff's lawsuit alleges a violation of the Coronavirus Aid and Economic Security Act ("CARES Act"), violations of his right to procedural due process pursuant to 42 U.S.C. § 1983, federal civil conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), age and disability discrimination in violation of the Americans with Disabilities Act, and various other state-law causes of action.

## II.  Analysis

**A.**    **Motion for Sanctions**

Plaintiff has filed a motion for sanctions against Mr. Valdespino.  The motion accuses Mr. Valdespino of "improperly and continuously sending legal messages, notices, and letter[s] to Plaintiff's personal e-mail, and via certified mail."  The motion asks the Court to admonish Mr. Valdespino for violating the Texas Bar's standards for professional conduct.

The Court construes Plaintiff's motion as a motion for sanctions based on this Court's inherent power to issue sanctions.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Rule 11 of the Federal Rules of Civil Procedure governs requests for sanctions for violations of Rule 11(b), which concerns violations by attorneys related to their affirmative duties in connection with the signing of pleadings, motions, and other papers.  *See* Fed. R. Civ. P. 11(c) ("If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose . . . an appropriate sanction . . . .").  This rule does not appear to apply to the facts and circumstances of alleged misconduct described here.  Nor does Plaintiff's motion fall under Rule 37, which gives courts the power to sanction parties for failure to obey an order to provide or permit discovery. *See* Fed. R. Civ. P. 37(b).

Plaintiff's motion does not contain any allegations that establish any basis for imposing sanctions against Mr. Valdespino or the party he represents, Ivest Properties, under this Court's inherent power.  The inherent power of federal courts to sanction allows this Court to address "bad-faith conduct in the course of litigation" that is not sanctionable under other specific rules. *Chambers*, 501 U.S. at 50.  The burden for imposing sanctions under this Court's inherent power

is higher than those under Rule 37 or other sources, requiring "clear and convincing" evidence of bad faith. *Id.*; *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014).

Plaintiff's motion summarizes various events occurring over the past six months in connection with Plaintiff's state-court and federal lawsuit pending against J.P. Morgan Chase. It is difficult to discern the precise basis of Plaintiff's complaints, but it appears that Plaintiff is accusing Mr. Valdespino of improperly contacting him directly, despite the fact that he had court-appointed counsel in the federal suit against J.P. Morgan Chase for a period of time. Yet Ivest Properties, whom Mr. Valdespino represents, is not a party to that suit. Additionally, Plaintiff's court-appointed attorney was terminated on February 22, 2021, and Plaintiff is now representing himself *pro se* in that suit as well. That Mr. Valdespino has contacted Plaintiff directly is not a basis for the imposition of sanctions in this lawsuit. Plaintiff should raise any issue of misconduct in the state-court proceedings with the state court. Plaintiff should raise any issue of misconduct in the federal litigation before the federal judge assigned to that case. If Plaintiff believes Mr. Valdespino contacted him in violation of some rule of ethics imposed by the Texas Bar, he may file a grievance with the Bar.

Additionally, the majority of allegations in the motion for sanctions reiterate the substantive allegations contained in Plaintiff's Amended Complaint against Ivest Properties. Plaintiff cannot litigate his substantive claims through a motion for sanctions.

## B.   Motion for Default Judgment

Plaintiff has also filed a motion for default judgment against all named Defendants, arguing that no Defendant has filed a response to the Amended Complaint that he attempted to serve on each named party. The motion should be denied.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Plaintiff is not entitled to a default judgment against any Defendant because no Defendant has been served, and the only Defendant that has made an appearance in this case is actively defending this suit by pursuing a motion to dismiss.

There is no indication in the record that Plaintiff has requested issuance of summonses as to any Defendant or that any Defendant has been formally served in this case.  After Plaintiff indicated he had not been successful in serving Defendants, the Court ordered Plaintiff to submit to the Clerk's Office a fully completed United States Marshal Service Form 285 for each Defendant and directed the U.S. Marshal to assist Plaintiff with service [#42].  The deadline to do so imposed by the Court's Order is April 26, 2021.

The Court notes that Defendant Ivest Properties, Inc., has entered an appearance in this case, despite lack of formal service.  Plaintiff need not complete a Form 285 for this Defendant. For a court to have jurisdiction over a defendant, the defendant may be formally served, may waive service, or simply enter an appearance in the case.  *Tisdale v. Georgia-Pac. Corp.*, 854 F.2d 773, 776 (5th Cir. 1988) ("service of citation is immaterial if a defendant has so appeared"). If Plaintiff intends to pursue his claims against the other Defendants (Abdelhakim Rafati and Lydia O'Connel), he must follow the Court's instructions and fill out Form 285 for these Defendants.

Defendant Ivest Properties, Inc., first entered an appearance in this case on August 28, 2020, by moving to dismiss Plaintiff's Original Complaint for lack of jurisdiction and for failure to state a claim.  After the Court consolidated this case with another case filed by Plaintiff regarding the same subject matter, the Court ordered Plaintiff to file an Amended Complaint and

dismissed Ivest's motion to dismiss without prejudice to refiling in light of the amended pleading. Plaintiff filed his Amended Complaint on March 12, 2021. Ivest filed its amended motion to dismiss on April 16, 2021. Plaintiff argues that Ivest's motion to dismiss was untimely filed, because it was filed 33 days after the filing of his Amended Complaint, and therefore Ivest is in default. Ivest responds that it did not receive notification of Plaintiff's Amended Complaint until March 26, 2021, when the cases were consolidated by the District Court, and attaches an e-file notification to its response to Plaintiff's motion.

Rule 15(a)(3) requires a response to an amended pleading within 14 days of service of the pleading or within the time remaining to respond to the original pleading. Ivest was registered as an e-filing user with CM/ECF at the time the amended pleading was filed, so should have received notice of Plaintiff's amended pleading the day it was filed, March 12, 2021. Ivest originally filed a motion for an extension of time to file its amended motion to dismiss out of time [#44], but then withdrew the motion after determining for itself that the motion was timely filed [#47].

The Court finds that Ivest's motion to dismiss was not timely filed. Even if Ivest received notice of the amended pleading for the first time on March 26, 2021, its amended motion to dismiss was not filed within the 14 days allotted by Rule 15, by April 9, 2021. The Court will nonetheless entertain Ivest's motion and excuse the delay. Ivest's motion for extension of time to file its motion (which was later withdrawn) indicates that it lost its draft of the motion due to a computer issue and was required to redraft the motion in its entirety. The Court finds good cause to excuse Ivest's one-week delay in filing its motion to dismiss.

In summary, the undersigned will consider the merits of Ivest's motion to dismiss, and the District Court should deny Plaintiff's motion for default judgment.

### III.  Conclusion and Recommendation

Having considered Plaintiff's motion and the record in this case, the undersigned recommends that Plaintiff's Motion to Sanction and/or Admonishment of Counsel [#30] and Plaintiffs' Motion for Entry of (a) Default Judgment and (b) Reasonable Accommodation Pursuant to American with Disability Act [#48] be **DENIED**.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 23rd day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

8