IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS ANTONIO RAYMOND, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00965-FB |
| | § | |
| vs. | § | |
| | § | |
| IVEST PROPERTIES, LLC, | § | |
| ABDELHAKIM RAFATI, IN HIS | § | |
| OFFICIAL CAPACITY AS | § | |
| REGISTERED AGENT; LYDIA | § | |
| O'CONNEL, IN HER OFFICIAL | § | |
| CAPACITY AS BEXAR COUNTY | § | |
| COURT COORDINATOR, COURT 10; | § | |
| AND  OTHER INDIVIDUALS AND | § | |
| COUNTY OFFICIALS, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the following dispositive and non-dispositive motions: Plaintiff's Motion for Hearing for Preliminary Injunction [#34], Defendant Ivest Properties, LLC's Motion to Dismiss Plaintiff's Amended Complaint [#46], Defendant Ivest Properties, LLC's Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c) and Request for Attorney Fees with Supporting Affidavits and Exhibits [#78], Defendant Paul Rafati's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) [#79], Plaintiff's Motion for Leave to File Amended Complaint for Permanent Injunction and Other Equitable Relief [#80], Defendant Lydia O'Connell's Motion to Dismiss for Failure to State a Claim [#82], Plaintiff's Motion for Clarification [#87], Plaintiff's Motion to Set Aside Final Possession of the Property and to Add Additional Causes of Action [#95], Plaintiff's Motion to Update Motion to Set Aside Judgment [#97], Defendant Paul Raftai's Motion to Abate and Stay this Matter and Request for

1

Status Conference [#101], Plaintiff's Motion for Justice to be Served under the Law [#103], and Plaintiff's Motion for Request for Admission [#104].

The undersigned notes that there are two additional motions pending in this case—Plaintiff's Motion to Sanction [#30] and Plaintiff's Motion for Entry of Final Default Judgment [#48].  The undersigned issued a report and recommendation on these motions on April 23, 2021 [#56], which the District Court has not yet adopted or rejected.  If the District Court adopts the recommendation contained herein, Plaintiff's motion to sanction and for entry of default judgment may also be dismissed as moot without consideration of the previous report and recommendation.

All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#19].  The undersigned has authority to enter a recommendation on the pending motions pursuant to 28 U.S.C. § 636(b)(1)(B).  **For the reasons set forth below, the Court should deny Plaintiff's motions for leave to amend, grant Defendants' motions to dismiss, and dismiss the remaining motions as moot.**

In issuing this report and recommendation and order, the undersigned has also considered the multiple additional filings by Plaintiff [#50, #51, #52, #53, #54, #63, #65, #66, #70, #72, #76, #81, #84, #102], as well as the several responses filed by Defendants [#68, #86, #94, #96, #98].

## I.  Background

This case arises out of an eviction and foreclosure on a home mortgage loan secured by property located at 8054 Silver Grove, San Antonio, Texas 78254 ("the Property").  Plaintiff Carlos Antonio Raymond, proceeding *pro se*, has sued various Defendants in an attempt to regain ownership of the property.

Plaintiff's current live pleading is the Amended Complaint he filed on March 12, 2021, after the Court consolidated a second-filed case, SA-21-CV-1371-DAE, into this action [#35, #36]. In this pleading, Plaintiff alleges that the Property was sold at a non-judicial foreclosure sale on January 7, 2020, and Plaintiff was thereafter evicted. (Am. Compl. [#36], at 4–5.) According to Plaintiff's pleading, after the foreclosure, there were various state-court proceedings in which Plaintiff challenged the legality of a state-court judgment depriving him of possession of the Property. (*Id.* at 5–8.)

By this suit, Plaintiff accuses Defendant Ivest Properties ("Ivest"), the entity that purchased the Property at the foreclosure sale, and its attorney Robert Valdespino ("Valdespino") of failing to serve and provide notice of critical state-court hearings that led to the ultimate determination on the status of the Property. (*Id.* at ¶¶ 20–25.) Plaintiff contends that these actions were taken with an intent to deprive Plaintiff of a fair and equal opportunity to attend the hearing on the merits of his case. (*Id.*)

The allegations in Plaintiff's Amended Complaint also reference a federal lawsuit currently pending before another judge in this Court, in which Plaintiff has sued the foreclosing mortgage companies, J.P. Morgan Chase Bank and Flagstar Bank. *See Raymond v. J.P. Morgan Chase Bank*, 5:19-CV-00596-OLG-HJB. Plaintiff contends that Ivest and Valdespino have purposefully concealed various procedural actions in that case and interfered with his ability to prosecute the suit. (*Id.* at ¶¶ 29–31.) Mr. Valdespino, however, is not a named defendant in this case. Neither are the mortgage companies. *See infra* at 6–7. In addition to Ivest, Plaintiff sues Abdelhakim Rafati, identified by Plaintiff as a realtor and the Managing Agent of Ivest, and Lydia O'Connell, Court Coordinator for the Bexar County judge who allegedly scheduled various state-court hearings at issue.

Plaintiff's Amended Complaint asserts eleven causes of action: (1) violation of the Coronavirus Aid and Economic Security Act ("CARES Act"), (2) fraud and fraudulent misrepresentation, (3) violations of his right to procedural due process under the Fifth and Fourteenth Amendments, (4) wrongful eviction, (5) federal civil conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (6) false pretense in violation of Texas Penal Code § 32.32, (7) negligent and intentional infliction of emotional distress, (8) civil rights violation pursuant to 42 U.S.C. § 1983, (9) trespass, (10) violation of the Americans with Disabilities Act ("ADA"), and (11) some unspecified damage to Plaintiff's credit reputation. (*Id.* at 14–32.)

The three named Defendants in this case have all filed dispositive motions, asking the Court to dismiss Plaintiff's claims. Ivest has moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) and for Judgment on the Pleadings pursuant to Rule 12(c) by two separate motions [#46, #78]. Rafati has moved to dismiss pursuant to Rules 12(b)(6) and 12(c) [#79], and O'Connell filed a general motion to dismiss for failure to state a claim [#82].

In response, Plaintiff has filed a number of motions, including multiple requests to amend his pleadings [#80, #95, #97, #103]. Plaintiff's other pending motions seek clarification from the Court or request miscellaneous relief [#87, #97, #104]. Rafati has most recently filed a motion asking the Court to stay this case until it has resolved Defendants' dispositive motions, and for a status conference [#101].

The motions are ripe for review. Because Plaintiff's motions asking the Court for leave to amend his pleadings, if granted, have the potential to moot Defendants' motions to dismiss, the Court will first address Plaintiff's proposed amendments.

## II.  Plaintiff's Request for Leave to Amend

Plaintiff's first motion for leave to amend his pleadings ask the Court for permission to add two new defendants to this action—J.P. Morgan Chase Bank and Flagstar Bank.  (Mot. [#80] at 1.)  Exhibits attached to Plaintiff's motions indicate that J.P. Morgan Chase serviced the mortgage loan associated with the property at issue in this case until it transferred servicing to Flagstar Bank on December 4, 2018.  (Ex. [#80] at 12.)  Plaintiff believes these two entities conspired with the named Defendants in this action to deprive him of his due process rights.

Plaintiff's second motion for leave to amend his pleadings asks the Court for leave to add an additional claim related to Ivest's alleged disregard for Plaintiff's previous requests to stop using his personal e-mail for service of court filings.  (Mot. [#95] at 1–2.)  Plaintiff's motion then proceeds to advance various merit-based arguments for overturning the state-court eviction order.

Plaintiff's third motion for leave to amend asks the Court for leave to amend his pleadings to add Bexar County Judge V. Davis as an additional Defendant.  Plaintiff believes Judge Davis conspired with Ivest's attorney to deprive him of his property and violate his due process rights.  The Court should deny all three motions.

### A.      Legal Standard

The grant of leave to amend pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires."  Fed. R. Civ. P. 15(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  However, leave to amend "is by no means automatic."  *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  In evaluating the propriety of an amendment, the district court may consider

factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Granting leave to amend would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

**B.    Analysis**

Plaintiff has already been afforded one opportunity to amend his pleadings, upon the consolidation of a second-filed case into this lawsuit.  (*See* R&R [#25].)  And he did so.  (*See* Am. Compl. [#36].)  Although Plaintiff has now filed multiple motions seeking leave to again amend his pleadings, Plaintiff also did not file any proposed amended pleadings with any of the motions, despite the requirement that he do so.  *See* W.D. Tex. Loc. R. CV-7(b).  The Court is therefore unable to evaluate the proposed amendments under the governing standards, and the motions could be denied solely due to his failure to follow this Court's Local Rules.

Additionally, Plaintiff has already sued J.P. Morgan Chase Bank and Flagstar Bank in the related proceeding.  *See Raymond v. J.P. Morgan Chase Bank*, 5:19-CV-00596-OLG-HJB. Plaintiff's Amended Complaint in this case does not name J.P. Morgan Chase Bank or Flagstar Bank as Defendants.  Although Plaintiff filed what he termed his "Supplemental Amended Complaint" [#39] and this pleading purports to add J.P. Morgan Chase Bank and Flagstar Bank, as well as Kenneth Grubbs (Plaintiff's former appointed counsel his other federal suit), Plaintiff never served the banks or Grubbs with process, despite being given the opportunity to do so.

In an Order dated April 14, 2021, shortly after the filing of Plaintiff's "Supplemental Amended Complaint," the Court directed Plaintiff to submit to the Clerk's Office a fully

completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant he desired to serve with his lawsuit.  (*See* Order [#42].)  Plaintiff submitted the USM Form 285 as to Ivest, Rafati, O'Connell, and "the Bexar County Civil Court" but not for any other Defendant.  Any additional claims Plaintiff wishes to raise against J.P. Morgan Chase Bank or Flagstar Bank with respect to his eviction should be addressed in the case pending in front of Judge Bemporad.[1]

Plaintiff's complaints regarding Ivest's communications through his personal e-mail account have already been raised with the Court in this case, and in the Report and Recommendation addressing these complaints, the Court directed Plaintiff to raise any issue related to Mr. Valdespino (Ivest's attorney) contacting him in violation of some rule of ethics imposed on licensed attorneys in Texas by lodging a complaint with the Texas Bar.  (*See* R&R [#56] at 4.)  Such complaints do not give rise to a standalone federal cause of action that could be added to this lawsuit.

Finally, Plaintiff's request to add Bexar County Court at Law Judge Davis as a Defendant to this suit is futile, as Judge Davis is immune from suit for acts taken in his judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity is not overcome by allegations of bad faith or malice.  *Id.*  The only allegations against Judge Davis in Plaintiff's third motion for leave to amend is that he backdated a final judgment for the possession of the Property to August 6, 2020, when the final hearing on the merits was in fact held on August 11, 2020.  In other parts of

---

[1] Plaintiff's Supplemental Amended Complaint does not advance any new allegations against Ivest, Rafati, and O'Connell that pertain to the claims pleaded in his First Amended Complaint.  Nor does it purport to supersede the Amended Complaint, as it only addresses new allegations against J.P. Morgan Chase Bank, Frost Bank, and Grubbs, parties that have not been served and are not part of this lawsuit.  Accordingly, the undersigned construes the Amended Complaint [#36] as the live pleading for purposes of evaluating the pending motions to dismiss and has not considered the allegations in the Supplemental Amended Complaint [#39].

Plaintiff's motion, he states that Judge Davis signed the final judgment on August 6, 2020, but the judgment was not entered until August 11, 2020.  The Court cannot discern from Plaintiff's motion the prejudice that Plaintiff has alleged to have suffered from any error related to the date of the judgment entered by Judge Davis.  Regardless of the nature of any alleged error, signing and entering the final judgment at issue is clearly an act taken in Judge Davis's judicial capacity for which he enjoys immunity.

### III.  Allegations in the Amended Complaint [#36] and Facts Established by Public Record

Generally, in deciding a motion to dismiss pursuant to Rules 12(b)(6) and 12(c), a court may not look beyond the four corners of the Plaintiff's pleadings without converting the motion to a motion for summary judgment.  *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); Fed. R. Civ. P. 12(d).  All three named Defendants in this suit have moved for dismissal of Plaintiff's claims pursuant to Rules 12(b)(6) and 12(c).  Yet, both of Ivest's motions cite extensively to evidence beyond Plaintiff's pleadings.

This Court may consider documents attached to the complaint and those that are central to the claims at issue and incorporated into the complaint by reference.  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  Courts may also take judicial notice of those matters of public record.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).  The majority of the exhibits attached to Ivest's motions are either court records or documents that were attached to and filed with court records, of which this Court may take judicial notice.  The Court therefore declines to convert Ivest's motion into a motion for summary judgment and will limit its consideration of documents outside of the pleadings to those matters of public record.

Public records attached to Ivest's motions to dismiss confirm that Ivest purchased the Property, which is located at 8054 Silver Grove, San Antonio, Texas, 78254, at a non-judicial public foreclosure sale on January 7, 2020.  (Deed [#78-6], at 2–8.)  A Notice to Vacate the Property, dated January 8, 2020, was issued to Plaintiff, directing Plaintiff to contact Defendant Rafati with any questions.  (Notice [#78-6] at 29.)  Mail receipts indicate that Plaintiff received the Notice on January 14, 2020.  (*Id.* at 29–32.)  Plaintiff refused to vacate the Property, and an eviction suit was filed in the Justice of the Peace Court, Precinct 2, Place 1.  (Am. Compl. [#36], at 5.)  Judgment was entered in favor of Ivest and against Plaintiff.  (*Id.*)

Plaintiff appealed the judgment to the Bexar County Court at Law, and a trial *de novo* was initially noticed and set for June 4, 2020.  (*Id.* at 5–6.)  Shortly thereafter, the COVID-19 pandemic struck San Antonio, Texas, and caused significant delays to all court proceedings.  (*Id.* at 6.)  The trial was continued to August 6, 2020, due to the pandemic.  (Order Setting Trial [#78-8] at 1–2.)

Plaintiff alleges that Ivest failed to properly serve him with a copy of the order setting trial for August 6, 2020.  (Am. Compl. [#36], at 6.)  However, the record contains first class and certified mail receipts pertaining to the service of Judge Davis's order setting trial on the merits.  (Order Setting Trial [#78-8] at 1–2; Receipts [#78-8], at 3–10.)  The mail receipts indicate Plaintiff received the order via First Class Priority Mail on June 6, 2020, and again by Certified Mail on June 8, 2020.  (Receipts [#78-8] at 3–10.)

Plaintiff's Amended Complaint admits to having received an e-mail from Mr. Valdespino on August 4, 2020, regarding the August 6, 2020 hearing.  (Am. Compl. [#36], at 16.)  Plaintiff nonetheless alleges that the short notice provided by Mr. Valdespino's e-mail and the failure of

Ivest to serve him with formal notice of the hearing via certified mail deprived him of due process and his right to be heard.  (*Id.* at 16.)

The subject e-mail and Plaintiff's response thereto are incorporated into the pleadings by reference, as the question of Plaintiff's notice is both central to his claims and referenced in Plaintiff's pleading.  *See Lone Star Fund*, 594 F.3d at 387.   Mr. Valdespino's e-mail to Plaintiff is dated August 4, 2020, at 9:00 a.m., and informed Plaintiff that the August 6, 2020 hearing on the merits had been changed from a live hearing to a hearing by videoconference via Zoom due to the COVID-19 pandemic and provided Plaintiff with the Zoom log-in information.  (Aug. 4, 2020 E-Mail [#78-10], at 1.)  In response, Plaintiff sent Mr. Valdespino an e-mail at 9:27 a.m., in which he stated that he was refusing to attend the August 6, 2020 "bogus" hearing because the hearing had not been officially set by the Bexar County Court at Law, and Judge Bemporad, the judge presiding over Plaintiff's other federal lawsuit, had stayed all proceedings.[2]  (Aug. 4, 2020 E-Mail [#78-11], at 1.)

Plaintiff failed to appear at the August 6, 2020 docket call in the Bexar County Court at Law, and trial was set for August 10, 2020, a Monday morning.  (Tr. [#78-13] at 4.)  On August 10, 2020, Plaintiff again failed to appear.  (*Id.* at 1.)  Judge Davis's court coordinator, Defendant O'Connell, stated on the record at the August 10 trial that she had sent Plaintiff an invitation to join the Zoom hearing, but Plaintiff failed to respond.  (*Id.* at 4–5.)  Plaintiff alleges that the e-mail from O'Connell was confusing and did not amount to actual notice of the August 10, 2020 Zoom hearing.  (Am. Compl. [#36], at 10–11.)

Judge Davis issued a Final Judgment for Possession of Property, disposing of Plaintiff's appeal and awarding possession of the Property to Ivest.  (Final J. [#78-6], at 1.)  The Judgment

---

[2] The undersigned addresses Plaintiff's allegations regarding Judge Bemporad's stay *infra* at page 10.

states that trial on the merits of Plaintiff's appeal was held on August 6, 2020, before Judge Davis at Bexar County Court at Law Number 10, and that Plaintiff failed to appear. (*Id.*) The Judgment awards Ivest with possession of the property located at 8054 Silver Grove, San Antonio, Texas, 78254, i.e., the Property. (*Id.*) It appears that, because the hearing actually occurred on August 10, 2020, not August 6, 2020, the date recited in the order is erroneous.

Bexar County court records further reflect that Plaintiff attempted to move to set aside the default final judgment, advancing the same arguments regarding lack of notice that he attempts to assert in this lawsuit, but was unsuccessful. (*See* Resp. [#46-5], at 2–9; Tr. [#78-14] at 4–12.) Judge Davis held a scheduled hearing on Plaintiff's motion for new trial and to set aside the default judgment on August 17, 2020, at which Plaintiff also did not appear, ostensibly due to a medical issue. (Tr. [#78-14] at 6–7.) Judge Davis therefore canceled the setting, granted Plaintiff the requested continuance, but left it to Plaintiff to pursue a new date for hearing. (*Id.* at 8.) Plaintiff never requested an additional setting, and the motion for new trial was denied by operation of law. (Tr. [#78-15] at 9.)

The exhibits attached to Ivest's motions to dismiss establish that there was an additional hearing on January 8, 2021, before Judge John A. Longoria at the Bexar County Court at Law Number 5, to address Ivest's contest of a Centers for Disease Control and Prevention ("CDC") declaration filed by Plaintiff in further attempt to stop a writ of possession for the property at issue. (Tr. [#78-15], at 1–41.) Judge Longoria found that Plaintiff could not stop the eviction because he was not a renter, which Judge Longoria said was an essential requirement to benefit from CDC protection. (*Id.* at 35–36.)

Plaintiff's Amended Complaint also contains additional allegations related to his federal lawsuit pending before United States Magistrate Judge Henry J. Bemporad and Chief United

States District Judge Orlando L. Garcia, 5:19-CV-596-OLG-HJB.  Plaintiff appears to believe that Judge Bemporad entered a stay in the federal case on March 10, 2020, that stayed all state-court proceedings related to his appeal in Bexar County court.  (Am. Compl. [#36], at 6.) Plaintiff alleges that he served Judge Bemporad's stay order on the Bexar County court and Ivest, but Ivest and Judge Davis ignored the stay and proceeded with the disposition of Plaintiff's appeal in direct violation of the stay order.  (*Id.* at 6–7.)  Plaintiff misunderstands the meaning and import of the March 10, 2020 stay order.

Judge Bemporad's order stayed all proceedings in Plaintiff's federal case against J.P. Morgan Chase and Flagstar Bank; Judge Bemporad did not  stay the state-court proceedings with Ivest.  *See* 5:19-CV-596-OLG-HJB [#96].  Judge Bemporad explained in his order that the reason for the stay was the voluminous number of unauthorized filings and pleadings submitted by Plaintiff in the case, which had impaired the court's ability to address the issues raised in the pending motions to dismiss.  *Id.*  Judge Bemporad prohibited Plaintiff from filing any pleadings in the case without specific and emergency leave of Court and warned that a violation of the stay order could result in the imposition of sanctions.  *Id.*  Nowhere in Judge Bemporad's order did he attempt or purport to stay the Bexar County court action.

The transcript of the August 10 hearing in the Bexar County Court at Law indicates that Judge Davis inquired as to whether the federal court had issued any stay that might prevent the Bexar County court from proceeding with issuing a judgment on the appeal, and Mr. Valdespino confirmed that there was no stay in place as to the state-court proceedings, only as to the federal case.  (Tr. [#78-13], at 5–6.)

Finally, Plaintiff's Amended Complaint also contains allegations related to his actual eviction on January 8, 2021, alleging that his personal property, such as mattresses, medical aids,

and electronic systems, was destroyed because the property was left out in the rain.  (Am. Compl. [#36], at 24–25.)  According to Plaintiff, Ivest was prohibited by statute from removing and placing his personal property outside his former residence under such weather conditions. (*Id.*)  Additionally, Plaintiff alleges that Ivest wrongfully prohibited him from entering into his former residence to recover his belongings or to make arrangements for their removal.  (*Id.* at 25–26.)

By this lawsuit, Plaintiff asks the Court to set aside the final judgment entered by Judge Davis on August 6, 2020, return the Property to Plaintiff, permanently enjoin any future eviction, award him $1,000,000 in compensatory damages, and grant him other miscellaneous relief.  (*Id.* at 32.)

### IV.  Ivest's Motions to Dismiss

Ivest has filed two dispositive motions—a motion to dismiss pursuant to Rule 12(b)(6) [#46] and a motion for judgment on the pleadings pursuant to Rule 12(c) [#78].  Ivest contends that Plaintiff has asserted legally and factually unfounded claims in an attempt to collaterally attack a final state-court judgment granting Ivest rightful possession of property that it purchased at a public foreclosure sale on January 7, 2020.  Ivest maintains that Plaintiff's Amended Complaint contains no viable federal causes of action, and the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review the state-court final judgment regarding Plaintiff's eviction and the Property.

Although Ivest does not style its motions as filed pursuant to Rule 12(b)(1), the Court evaluates the motions under both the standard for motions challenging subject matter jurisdiction and the sufficiency of the pleadings, as a federal court may always raise the matter of its jurisdiction *sua sponte*.  This Court also has authority pursuant to 28 U.S.C. § 1915(e) to

13

evaluate Plaintiff's pleadings for frivolousness, because Plaintiff is proceeding *in forma pauperis* in this lawsuit.

## A.     Legal Standards

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject-matter jurisdiction of the district court to hear a case.  *See* Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  When a court's subject matter jurisdiction is factually attacked, the court may consider matters outside of the pleadings. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).  Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, however, it is subject to the same standard as a motion brought under Rule 12(b)(6).  *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).  The burden of establishing federal jurisdiction rests on the party seeking the federal forum.  *Ramming*, 668 F.3d at 161.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

14

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).   However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim.  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings under Rule 12(c).  Fed. R. Civ. P. 12(c).  The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 1999).

Pursuant to 28 U.S.C. § 1915(e), this Court may review any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in law or in fact."  *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous."  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B.     Analysis**

The essence of Plaintiff's lawsuit is a request to nullify the Final Judgment of Possession issued by Judge Davis in the Bexar County Court at Law, which affirmed Ivest's legal right to possession of the Property, which Ivest purchased at a non-judicial foreclosure sale.  Plaintiff's primary argument in support of this remedy is that he did not receive notice of the August 6, 2020 or August 10, 2020 hearings related to the trial on the merits of his appeal and therefore was deprived of his right to procedural due process.  Plaintiff also believes that the Bexar County Court's hearings and judgment are invalid because Judge Bemporad had issued a stay of all state-court proceedings.   Plaintiff's theory of his case is factually flawed, as it is directly contradicted by Bexar County and federal-court records and other documents properly considered by this Court.  His theory also constitutes an improper collateral attack on a state-court judgment, over which this Court lacks subject matter jurisdiction.

    i.    <u>Plaintiff's theory of his case is factually frivolous</u>

First, Plaintiff's contention that the Bexar County Court acted without authority due to a federal-court stay is without any factual basis.  As detailed *supra*, Judge Bemporad issued a stay on March 10, 2020, not of the state-court proceedings, but of Plaintiff's federal lawsuit (5:19-CV-596-OLG-HJB).  Thus, Judge Bemporad's stay order cannot be a basis for challenging the legality of the Judge Davis's Final Judgment of Possession.

Plaintiff's allegations regarding notice are equally meritless.  First class and certified mail receipts attached to Bexar County court records establish that Plaintiff received notice of Judge Davis's order setting his appeal for a *de novo* trial on the merits in early June 2020, two months before the scheduled August 6, 2020 hearing.  (Order Setting Trial [#78-8], at 1–2; Receipts [#78-8], at 3–10.)  Judge Davis's order, which is signed June 4, 2020, clearly states at the bottom

of the first page immediately above his signature that Plaintiff's appeal is "set for trial on the 6th of August, 2020 at 9:30 a.m. in the County Civil Presiding Courtroom, County Court at Law No. 10." (Order Setting Trial [#78-8], at 1.) Plaintiff cannot take the position that he did not receive a copy of this Order, as he attached it to a filing in the federal lawsuit pending before Judge Bemporad on June 15, 2020, shortly after receiving the Order by mail. (*See* 5:19-CV-596-OLG-HBJ [ #101], Ex. B.)

Furthermore, Plaintiff acknowledges in his Amended Complaint that he received an e-mail on August 4, 2020, from Mr. Valdespino regarding the August 6, 2020 hearing. (Am. Compl. [#36], at 16.) The e-mail and Plaintiff's response thereto further establish that Plaintiff consciously chose not to attend the August 6, 2020 hearing, despite having actual notice of the setting and instructions on how to join the videoconference. (Aug. 4, 2020 E-Mail [#78-11], at 1.)

Finally, Plaintiff's Amended Complaint acknowledges receiving an e-mail from Defendant O'Connell, Judge Davis's Court Coordinator, on Friday, August 6, 2020. (Am. Compl. [#36], at 10–11.) Although the e-mail is not in the record before the Court, the transcript of the August 10, 2020 trial on the merits includes statements by O'Connell that she sent Plaintiff an invitation to join the Zoom hearing on August 10, 2020, but Plaintiff failed to respond. (Tr. [#78-13] at 4–5.) Further, Bexar County court records indicate that Plaintiff already raised the issue of lack of notice with the Bexar County court in his motion to set aside the Final Judgment, Plaintiff never pursued the resetting of a hearing on his motion, after obtaining a continuance. (*See* Resp. [#46-5], at 2–9; Tr. [#78-14] at 4–12.) Plaintiff cannot consciously disregard numerous attempts to ensure his presence at court hearings and then plead a lack of notice or an opportunity to be heard in this federal lawsuit. Regardless, even if there

was something deficient about the notice provided by the county court, that could not give rise to

a cause of action against Ivest.  And to the extent that Raymond is attempting to sue the judge or

court for issuing a defective notice, he cannot because they are both immune.

Accordingly, the record before the Court establishes that Plaintiff's claims regarding his

lack of notice or other procedural defects related to the entry of the Final Judgment of Possession

are factually frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e).  The District

Court should therefore dismiss Plaintiff's claims of fraudulent misrepresentation, due process

and Section 1983 violations, civil conspiracy, and false pretense, all of which are predicated on

allegations that Plaintiff did not receive notice of the court hearings related to his appeal (Counts

2, 3, 5, 6, and 8 of Plaintiff's Amended Complaint).

      ii.    <u>This Court lacks jurisdiction to entertain a collateral attack on the state-court
judgment.</u>

Insofar as Plaintiff is attempting to challenge the substance of the Final Judgment of

Possession, this amounts to a collateral attack on various state-court decisions and is therefore

barred by the *Rooker-Feldman* doctrine.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th

Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of

Appeals v. Feldman*, 460 U.S. 462 (1983)).  The *Rooker–Feldman* doctrine establishes a limit on

federal jurisdiction under the "basic theory . . . that only the United States Supreme Court has

been given jurisdiction to review a state-court decision."  18B Charles Alan Wright et al.,

Federal Practice and Procedure § 4469.1 (2d ed.2014).  The *Rooker-Feldman* doctrine

establishes that a federal court lacks subject matter jurisdiction when issues in federal court are

"inextricably intertwined" with a final state-court judgment.  *Davis v. Bayless*, 70 F.3d 367, 375

(5th Cir. 1995).

The *Rooker–Feldman* doctrine is confined to only those cases "(1) brought by state-court losers (2) complaining of injuries caused by state-court judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  In other words, "if a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court," then, "*Rooker–Feldman* bars subject matter jurisdiction in federal district court."  *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382–83 (5th Cir. 2013).  In contrast, if a plaintiff claims that the named defendants violated, for example, a plaintiff's constitutional rights in the course of enforcing or issuing an order, then the plaintiff's claims are independent of the state-court judgment itself.  *Id.* at 383 (emphasis added) (discussing *Mosley v. Bowie Cnty., Tex.*, 275 Fed. App'x. 327, 328–29 (5th Cir.2008) (per curiam)).  The question is whether the state-court decision or some independent action is the source of the injury.  *Land & Bay Gauging, L.L.C. v. Shor*, 623 Fed. App'x 674, 678–81 (5th Cir. 2015).

Although Plaintiff attempts to couch this federal suit as a due process challenge based on lack of notice, he is ultimately seeking an order voiding the Final Judgment of Possession and returning the Property to his possession.  The relief Plaintiff seeks in this suit makes this clear.  Plaintiff is not suggesting that he should be afforded a new opportunity to be heard or some type of substitute process, but rather asks the Court to vacate the state-court judgment.  This is not the appropriate remedy for a procedural due process violation but rather the type of relief sought through a collateral attack of a judgment itself.

In summary, the undersigned has already found that Plaintiff's theory of lack of notice and other procedural challenges to the entry of Final Judgment in Ivest's favor are factually

frivolous.  Insofar as Plaintiff is attempting to challenge the validity of the Bexar County court decision itself, his suit is barred by *Rooker-Feldman*.

      iii.    <u>Plaintiff fails to plead any other plausible federal cause of action.</u>

The only other federal causes of action asserted in Plaintiff's Amended Complaint are violations of the CARES Act and the ADA.  Plaintiff fails to plead a plausible claim under either of these statutes.  The CARES Act was enacted into law on March 27, 2020, in response to the COVID-19 pandemic, and included a 120-day prohibition on the initiation of eviction proceedings for "covered properties."  Pub. L. No. 116-136, 134 Stat. 281 (2020).  "Covered properties" are defined as those purchased through specified federal programs or with specified federally backed loans.  *Id.* § 4024, 134 Stat. at 492–93.  The CARES Act allowed multifamily borrowers to request forbearance of foreclosure on such loans and prohibited the eviction of a borrower receiving such forbearance during the specified time period.  *Id.* § 4023, 134 Stat. at 491.  The CARES Act has separate provisions related to evictions of tenants, rather than homeowners, that are not applicable to Plaintiff.

Congress did not renew the CARES Act, and the Act's eviction moratorium expired on July 27, 2020.  The CDC, however, issued an agency order on September 4, 2020, which extended the eviction moratorium, with some modifications, through March 2021.  *See* Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020); Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 86 Fed. Reg. 8,020 (Feb. 3, 2021).

Plaintiff's property was foreclosed upon in January 2020, two months before the enactment of the CARES Act, and any federally backed loan was extinguished at the time of the foreclosure.  Plaintiff never received a forbearance under the Act, and there is no legal basis for

Plaintiff's assertion that the CARES Act prohibited a foreclosure, like the one at issue here, which occurred prior to the CARES Act's enactment.

Plaintiff also fails to plead a claim under the ADA.  Plaintiff's Amended Complaint alleges that Defendants actions "were extremely harsh and insensitive to the needs of a Senior and Adult Disable [sic] citizen."  (Am. Compl. [#36] at 31.)  The only factual allegations related to this claim are that Plaintiff was "deprived of the opportunity to secure all mobility and life-threatened Service-Connected mobility and medical aid," "was restrained and was prevented from re-entering the property to retrieve such aids by Bexar County constable and Sheriff," and "was left standing up all day while movers through out [sic] his personal properties."  (*Id.*) Plaintiff has not pleaded that he is a "qualified individual with a disability" under the ADA or any other element to establish a claim of discrimination under the Act or related to an ADA claim in the context of a real property transaction.  *See* 42 U.S.C. §§ 12111(8) (defining "qualified individual with a disability"), 3604 (barring discrimination in sale or rental of dwelling based upon disability).

In summary, the Court should dismiss Plaintiff's claims under the CARES Act and the ADA (Counts 1 and 10 of his Amended Complaint).

iv.   The Court should dismiss Plaintiff's remaining state law causes of action regarding his actual eviction.

The only remaining claims in Plaintiff's suit are his claims for wrongful eviction, negligent and intentional infliction of emotional distress, and damage to his credit reputation (Counts 4, 7, and 11 of the Amended Complaint).  Aside from challenging the Final Judgment of Possession on procedural grounds, Plaintiff has not advanced any allegations in this lawsuit that call into question the legality of his eviction.  Rather, Plaintiff accuses Ivest of taking various actions with respect to his personal property during the eviction process, such as leaving it in the

rain and preventing him from retrieving certain essential medical equipment and medication. (Am. Compl. [#36] at 25–26.)  These allegations do not challenge the legality of the foreclosure or eviction or the legal authority of Ivest to possess the property.  The Court acknowledges that Plaintiff's suit against his mortgage servicers, which challenges the underlying foreclosure and eviction on other grounds, remains pending before Judge Bemporad and is not at issue here.

Nor do these allegations plead a claim for infliction of emotional distress, which requires conduct so extreme and outrageous so as "to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community."  *Atkinson v. Denton Pub. Co.*, 84 F.3d 144, 151 (5th Cir. 1996).  Plaintiff's allegations do not rise to such a level.

Finally, Plaintiff's vague allegations regarding damage to his credit also do not plead a separate cause of action.  Damage to credit is not a separate tort cognizable under Texas law but rather compensable damage.   *Permison v. Morris*, No. 01-18-00392-CV, 2019 WL 5556576, at *9 (Tex. App.—Houston [1st Dist.] Oct. 29, 2019, no pet. h.).

Finally, the Court notes that without a federal cause of action in this case, the Court may also follow the "general rule" in this Circuit and decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").  To the extent Plaintiff's First Amended Complaint gives rise to a state-law cause of action, the Court may dismiss these claims without prejudice.

## V.  Rafati's and O'Connell's Motions to Dismiss

For the aforementioned reasons, all of the claims asserted in Plaintiff's Amended Complaint fail either factually or as a matter of law or jurisdiction.  The Court should therefore dismiss all claims asserted against Rafati and O'Connell, as well as Ivest.  In making this recommendation, the Court notes that Plaintiff's Amended Complaint contains scant references to either of these Defendants.

The only allegations in Plaintiff's Amended Complaint concerning Rafati is that he hand-delivered and posted a notice to vacate on the Property, and attempted to purchase the Property from Plaintiff, and then filed an eviction against Plaintiff on behalf of Ivest.  The only allegations against O'Connell are that she set a case for a hearing and sent Plaintiff an e-mail on behalf of Judge Davis inviting Plaintiff to a Zoom hearing.  Plaintiff's allegations fail to state a federal claim against either of these individuals.

## VI.  Miscellaneous Motions

In light of the recommendation that the Court deny Plaintiff's motions for leave to amend and grant Defendants' motions to dismiss in their entirety, the Court should dismiss as moot the remaining miscellaneous motions filed by Plaintiff and Rafati.

## VII.  Conclusion, Recommendation, and Order

Having considered the motions, responses, and replies before the Court, as well as the entire record in this cause, and the governing law, the undersigned **recommends** the following:

- Plaintiff's Motion for Leave to File Amended Complaint for Permanent Injunction and Other Equitable Relief [#80] (first motion for leave to amend) should be **DENIED**;

- Plaintiff's Motion to Set Aside Final Possession of the Property and to Add Additional Causes of Action [#95] (second motion for leave to amend) should be **DENIED**;

23

- Plaintiff's Motion for Justice to be Served under the Law [#103] (third motion for leave to amend) should be **DENIED**;

- Defendant Ivest Properties, LLC's Motion to Dismiss Plaintiff's Amended Complaint [#46] should be **GRANTED**;

- Defendant Ivest Properties, LLC's Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c) and Request for Attorney Fees with Supporting Affidavits and Exhibits [#78] should be **GRANTED**;

- Defendant Paul Rafati's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) [#79] should be **GRANTED**;

- Defendant Lydia O'Connell's Motion to Dismiss for Failure to State a Claim [#82] should be **GRANTED**;

- Plaintiff's Motion for Hearing for Preliminary Injunction [#34] should be **DISMISSED AS MOOT**;

- Plaintiff's Motion for Clarification [#87] should be **DISMISSED AS MOOT**;

- Plaintiff's Motion to Update Motion to Set Aside Judgment [#97] should be **DISMISSED AS MOOT**.

- Defendant Paul Rafati's Motion to Abate and Stay this Matter and Request for Status Conference [#101] should be **DISMISSED AS MOOT**; and

- Plaintiff's Motion for Request for Admission [#104] should be **DISMISSED AS MOOT**.

### VIII.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing

objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.   A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.   *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).   Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 2nd day of August, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE